IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRONE JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-046 |
| | ) | (Formerly CR 115-038) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tyrone Johnson filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The government submitted its response to the motion and conceded Petitioner was entitled to an out-of-time appeal. Doc. no. 3. Thus, for the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to all other claims, that the judgment in Petitioner's underlying criminal case be **VACATED**, that an identical sentence be **RE-IMPOSED**, and that this civil action be **CLOSED**.

I. **BACKGROUND**

By indictment dated April 8, 2015, a grand jury charged Petitioner with one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). United States v. Johnson, CR 115-038, doc. no. 1 (S.D. Ga. Apr. 8, 2015) (hereinafter "CR 115-038"). The Court appointed attorney Jeffrey E. Johnston

to represent Petitioner. Id., doc. no. 6. On January 12, 2016, Petitioner pleaded guilty and was sentenced to 156 months imprisonment. Id., doc. no. 43.

Petitioner did not appeal, but he timely filed the instant § 2255 motion, raising three ineffective assistance of counsel claims. In one ground, Petitioner claims his attorney rendered ineffective assistance by failing to file his notice of appeal after Petitioner gave counsel specific instructions to file a notice of appeal. Doc. no. 1, pp. 14-15. At the direction of the Court, Respondent filed its response to Petitioner's § 2255 motion and conceded that Petitioner was entitled to an out-of-time appeal because Petitioner's counsel admitted he failed to consult with Petitioner after sentencing. Doc. no. 3, pp. 5-6.

## II. DISCUSSION

### A. Petitioner is Entitled to an Out-Of-Time Appeal.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Armstrong, 546 F. App'x 936, 940 (11th Cir. 2013); see also Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (holding Strickland test applies to ineffective assistance claim alleging failure to file appeal). Petitioner must show counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial.

Under the first prong, Petitioner must show "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under the prejudice prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In the Eleventh Circuit, "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*); see also Flores-Ortega, 528 U.S. at 477 (explaining that lawyer who disregards specific instructions from defendant to file notice of appeal acts in professionally unreasonable manner). Thus, it is not necessary Petitioner demonstrate any additional prejudice aside from the lost opportunity to appeal. Furthermore, "an attorney's total failure to file an appeal after being instructed to do so will *always* entitle the defendant to an out-of-time appeal, *regardless of the defendant's chances of success.*" Gray v. United States, 834 F.2d 967, 967 (11th Cir. 1987) (*per curiam*) (quoting Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983) (emphasis added)).

Even if a petitioner does not request his trial counsel file an appeal, the Eleventh Circuit has held in such a case, the Court "must still determine 'whether counsel in fact consulted with the defendant about an appeal.'" Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007) (quoting Flores-Ortega, 528 U.S. at 478). Thus, a petitioner's § 2255 motion should still be granted if the Court finds that counsel failed to adequately consult about an appeal.

Because Petitioner's counsel acknowledges that he failed to consult Petitioner about an appeal after sentencing, Respondent concedes Petitioner is entitled to an out-of-time direct appeal. Doc. no. 3, pp. 5-6. As such, the appropriate remedy is to allow Petitioner to pursue an out-of-time appeal. See Flores-Ortega, 528 U.S. at 478.

3

### B. Procedure for Restoring Petitioner's Appellate Rights

When a court determines that an out-of-time appeal in a criminal case is the proper remedy in a § 2255 proceeding, the Eleventh Circuit directs the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is fourteen days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court recommends these procedures to re-institute Petitioner's right to appeal. Unless Petitioner elects to retain his own counsel for the appeal, the Court recommends appointment of appellate counsel prior to reimposing sentence. After reimposition of Petitioner's sentence, Petitioner, through counsel, will have fourteen days in which to file a notice of appeal. Fed. R. App. Pro. 4(b)(1)(A)(i).

In light of the recommendation that Petitioner be allowed to file an appeal, the Court declines to address Petitioner's remaining ineffective assistance of counsel claims and recommends that those claims be dismissed without prejudice. See United States v. Wiles, 563 F. App'x 692, 695 (11th Cir. 2014). For example, although the government has emphasized in these proceedings that Petitioner agreed to an appeal waiver as part of his plea agreement, whether the government invokes the waiver and/or the Eleventh Circuit would enforce it is an open question. What is known, however, is that at least some of Petitioner's remaining claims, for instance his challenge to the Guideline calculations, are the type of

claims that may be brought on direct appeal. See Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to all other claims, that the judgment in Petitioner's underlying criminal case be **VACATED**, that an identical sentence be **RE-IMPOSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of July, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA